# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **MICHAEL BOWMAN**, | : | |
| and | : | |
| **JAMES ADAMS** | : | |
| Plaintiffs, | : | Case No.: 3:18-cv-332 |
| v. | : | |
| | : | **Judge**: |
| **PHOENIX TRINITY MANUFACTURING, INC.** | : | |
| | : | **Jury Demand Endorsed Hereon** |
| and, | : | |
| **TIFFANY WILLIAMS**, **INDIVIDUALLY** | : | |
| Defendants. | : | |

## PLAINTIFFS' COMPLAINT

NOW COME Plaintiffs Michael Bowman and James Adams (collectively, "Plaintiffs") and proffer this Complaint for damages against Defendants Phoenix Trinity Manufacturing Inc., and Tiffany Williams (collectively, "Defendants").

## JURISDICTION AND VENUE

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*., and Ohio Minimum Fair Wage Standards Act, O.R.C. Chapter 4111 ("Chapter 4111").

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e), which provide for original jurisdiction of Plaintiffs' claims arising under the laws of the United States and over actions to secure equitable and other relief.

3. This Court has jurisdiction over Plaintiffs' claims under the statutory law of Ohio pursuant to supplemental jurisdiction as codified at 28 U.S.C. § 1367.

4. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Plaintiffs entered into an employment relationship with Defendants in the Southern District of Ohio and performed their job duties there and Defendants are doing and have done substantial business in the Southern District of Ohio.

## THE PARTIES

5. Plaintiff Michael Bowman ("Plaintiff Bowman") is an individual, a United States citizen, and a resident of the state of Ohio.

6. Plaintiff James Adams ("Plaintiff Adams") is an individual, a United States citizen, and a resident of the state of Ohio.

7. At all times relevant herein, Plaintiffs were "employees" of Defendants as that term is defined in the FLSA and O.R.C. Chapter 4111.

8. Defendant Phoenix Trinity Manufacturing Inc., is an Ohio corporation doing business in the Southern District of Ohio.

9. Defendant Tiffany Williams is, based upon information and belief, the part owner of Defendant Phoenix Trinity Manufacturing Inc.

10. At all times relevant herein, Defendant Phoenix Trinity Manufacturing Inc. is a covered "employer" as that term is defined in the FLSA and O.R.C. Chapter 4111.

11. At all times relevant herein, Defendant Tiffany Williams is a covered "employer" as that term is defined in the FLSA and O.R.C. Chapter 4111.

12. At all times relevant to this action, Defendants were engaged in commerce or in the production of goods for commerce, and/or the business activities of Defendants constituted an enterprise engaged in commerce within the meaning of the FLSA.

## FACTUAL BACKGROUND

13. Plaintiff Bowman began working for Defendants in approximately March 2016. Plaintiff Bowman's employment was terminated in April 2018.

14. At the time Plaintiff Bowman began his employment for Defendants, he was paid a weekly salary of $768.00 per week. Defendants paid Plaintiff Bowman that same weekly salary until approximately March 2017. At that time, Defendants started paying Plaintiff Bowman a weekly salary of $816.00, which remained the same throughout Plaintiff Bowman's employment.

15. Plaintiff Bowman was scheduled to work at the beginning of his employment from 7:30 a.m. through 5:30 p.m. Monday through Thursday, and 7:30 a.m. through 3:30 p.m. on Fridays.

16. In November 2017, Plaintiff Bowman's scheduled hours slightly changed, moving to a schedule of 8:00 a.m. through 5:30 p.m., Monday through Friday.

17. Throughout Plaintiff Bowman's employment, he worked well beyond his scheduled end time on almost a daily basis. Given Defendants' production needs, Plaintiff Bowman typically worked until 6:30 p.m. each day.

18. Plaintiff Bowman also worked a few weekends each month, generally working from 8:00 a.m. through 2:00 p.m. on those weekend days.

19. Defendants' production needs were so high at times, Plaintiff Bowman worked overnight shifts, in addition to his normal work hours.

20. Defendants classified Plaintiff Bowman as an employee exempt from overtime laws, as Defendants never paid him a premium payment for the hours he worked above forty in a work week.

21. Plaintiff Adams began working for Defendants as a machinist in January 2016. Plaintiff Adams' employment at Defendants ended on November 2017.

22. Plaintiff Adams was paid by Defendants on a weekly salary amount.

23. Plaintiff Adams worked approximately forty (47) hours per week.

24. Defendants classified Plaintiff Bowman as an employee exempt from overtime laws, as Defendants never paid him a premium payment for the hours he worked above forty in a work week.

## FIRST CAUSE OF ACTION
### FLSA Action, 29 U.S.C. §201, *et seq*. - Failure to Pay Overtime

25. All of the preceding paragraphs are realleged as if fully rewritten herein.

26. Plaintiffs Bowman and Adams were not paid an overtime premium for all hours worked over forty in a work week for Defendants.

27. Defendants were aware that Plaintiffs were working significantly more than 40 hours per week, but were not receiving overtime compensation for hours worked in excess of 40 per week.

28. Defendants knew or should have known they were required to pay Plaintiffs federal overtime pay.

29. Accordingly, Plaintiffs were forced to work for Defendants without receiving their federal overtime premiums. As a result, Plaintiffs have been damaged.

## SECOND CAUSE OF ACTION
### OMFWSA R.C. 4111, *et seq*. - Failure to Pay Overtime

30. All of the preceding paragraphs are realleged as if fully rewritten herein.

31. This claim is brought under Ohio Law.

32. Defendants' repeated and knowing failure to pay overtime wages for hours worked in excess of forty (40) Plaintiffs violated Section 4111.03 of the Ohio Revised Code.

33. For the Defendants' violations of ORC 4111.03, Plaintiffs are entitled to recover unpaid wages, interest, attorneys' fees, and all other remedies available under Ohio law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seek an award against Defendants in an amount equal to the liability, losses, damages, liquidated damages, punitive damages, attorney's fees, costs, expenses and any other amounts available under the law incurred by Plaintiffs for Defendants' violations.

Respectfully submitted,

/s/ Bradley L. Gibson
Bradley L. Gibson (0085196)
Brian G. Greivenkamp (0095918)
**GIBSON LAW, LLC**
9200 Montgomery, Rd., Suite 11A
Cincinnati, OH 45242
(brad@gibsonemploymentlaw.com)
(brian@gibsonemploymentlaw.com)
Ph:  (513) 834-8254

*Counsel for Plaintiffs*

## **JURY DEMAND**

Plaintiffs demand a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

/s/ Bradley L. Gibson
Bradley L. Gibson (0085196)