UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MICHAEL BOWMAN, *et al.*,

    Plaintiffs,

vs.

PHOENIX TRINITY
MANUFACTURING, INC., *et al*.,

    Defendants.

Case No. 3:18-cv-332

District Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

_____

**REPORT AND RECOMMENDATION[1] THAT: (1) DEFENDANTS' MOTION TO COMPEL ARBITRATION AND TO STAY THIS CASE (DOC. 19) BE GRANTED; AND (2) THIS CASE BE STAYED PENDING ARBITRATION**

\*\*\*

**ORDER AND ENTRY ORDERING DEFENDANTS TO SHOW CAUSE AS TO WHY THEY SHOULD NOT BE HELD IN CONTEMPT**
_____

This civil case is before the Court on Defendants' motion to compel arbitration and stay these proceedings. Doc. 19. Plaintiffs filed a memorandum in opposition to Defendants' motion. Doc. 20. Thereafter, Defendants filed a reply. The undersigned has carefully considered all of the foregoing, and Defendants' motion is ripe for decision.

**I.**

Plaintiffs Michael Bowman and James Adams filed this action on October 3, 2018 against Defendants Phoenix Trinity Manufacturing and Tiffany Williams alleging that Defendants failed to pay them overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., and the Ohio Minimum Fair Wage Standards Act, Ohio Revised Code Chapter 4111. Doc. 1. On November 30, 2018, Defendants filed an answer which makes no mention of an agreement to arbitrate employment or wage disputes as an affirmative defense or otherwise. Doc. 6.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

Subsequently, the parties conferred, agreed to a discovery plan, and filed a report pursuant to Fed. R. Civ. P. 26(f). Doc. 7. In that report, the parties recommended disclosing primary expert witnesses by mid-October 2019, disclosing rebuttal experts by mid-November 2019, and completing discovery by January 13, 2020. Doc. 7. On May 29, 2019, the Court issued a Preliminary Pretrial Conference Order pursuant to Fed. R. Civ. P. 16. Doc. 8. The Court's Order adopted the deadlines proposed by the parties in their Rule 26(f) report and set the case for a jury trial to commence on September 14, 2020. *Id.*

Thereafter, the parties exchanged initial disclosures and, on June 4, 2019, Plaintiffs served interrogatories and document requests on Defendants. Doc. 20-1 at PageID 73. When discovery responses were not timely received, Plaintiffs' attorney contacted Defendants' previous attorney regarding the status of those responses. *Id.* On August 5, 2019, the undersigned held a telephone discovery status conference with counsel for the parties. *See* doc. 9. At that time, Defendants' previous counsel represented that Defendants were late in responding to Plaintiffs' written discovery requests. *Id.* Thereafter, as requested by counsel without objection, the Court ordered Defendants to respond to written discovery, provide dates for depositions, and respond to Plaintiffs' settlement demand within fourteen days from the entry of that Order, *i.e.*, on or before August 19, 2019. Doc. 10. The Court set a follow-up discovery conference with counsel to occur on August 21, 2019, which was later reset for August 22, 2019. *Id.*

On August 22, 2019, previous counsel for Defendants was still attempting to complete responses to Plaintiffs' written discovery requests and, without objection, the Court set an additional discovery conference by telephone for August 27, 2019. Doc. 13. On August 26, 2019, however, Defendants' previous attorney moved to withdraw as counsel and to stay proceedings pending Defendants retaining new counsel to represent them in this case. Doc. 14. The undersigned denied both motions that same day, but without prejudice to refiling once Defendants retained new counsel. To allow Defendants time to retain new counsel before further discussing the status of discovery, the

undersigned vacated the August 27, 2019 telephone discovery status conference and reset it for September 16, 2019.

On September 9, 2019, new counsel entered an appearance on behalf of Defendants and the Court, thereafter, granted previous counsel's motion to withdraw. Docs. 17, 18. During the telephone discovery status conference on September 16, 2019, new counsel for Defendants advised the Court of Defendants' intent to file the instant motion to compel arbitration and to stay proceedings pending arbitration. Those motions were filed on October 2, 2019. Doc. 19.

In moving to compel arbitration and to stay these proceedings, Defendants point to the following clause in the employment agreements between Plaintiffs and Defendants in this case:

> **Settlement by Arbitration**. Any claim or controversy that arises out of or relates to this agreement, or the breach of it, shall be settled by arbitration accordance with the rules of the American Arbitration Association. Judgment upon the award rendered may be entered in any court with jurisdiction.

Doc. 19-1 at PageID 52, 55. Plaintiffs do not offer any argument in opposition to Defendants' assertion that the arbitration clause governs this dispute and, instead, oppose Defendants' motion on the grounds that Defendants waived the contractual agreement to arbitrate by acting in a manner inconsistent with the arbitration provision, namely by engaging in this litigation for a year before asserting such contractual right. Doc. 20.

**II.**

Courts "examine[] arbitration language in a contract in light of the strong federal policy in favor of arbitration, resolving any doubts as to the parties' intentions in favor of arbitration." *Albert M. Higley Co. v. N/S Corp.*, 445 F.3d 861, 863 (6th Cir. 2006). An agreement to arbitrate is waivable and, in fact, "a party may waive an agreement to arbitrate by engaging in two courses of conduct: (1) taking actions that are completely inconsistent with any reliance on an arbitration agreement; and (2) "delaying its assertion to such an extent that the opposing party incurs actual prejudice." *Hurley v. Deutsche Bank Tr. Co. Americas*, 610 F.3d 334, 338 (6th Cir. 2010) (citations omitted). "Both elements must be found to establish waiver." *Aqualucid Consultants, Inc. v. Zeta Corp.*, 721 F. App'x

3

414, 418 (6th Cir. 2017); *Shy v. Navistar Int'l Corp.*, 781 F.3d 820, 828 (6th Cir. 2015) ("Both inconsistency and actual prejudice are required"). "Because of the presumption in favor of arbitration under the Federal Arbitration Act, we will not lightly infer a party's waiver of its right to arbitration." *Id*. (citations omitted).

From the undersigned's perspective, Defendants have taken actions completely inconsistent with reliance on the arbitration provision in the contracts between the parties. Notably, the Sixth Circuit has held that a defendant "waived whatever right to arbitrate it may have had by failing to plead arbitration as an affirmative defense and by actively participating in litigation for almost a year without asserting that it had a right to arbitration." *Manasher v. NECC Telecom*, 310 F. App'x 804, 806 (6th Cir. 2009). Here, Defendants here did not assert an affirmative defense based on the arbitration clause (or otherwise mention the clause in its answer) and participated in this litigation for almost a year without asserting that this matter must be arbitrated. Doc. 6.

Initially, Defendants argue they were not required under Fed. R. Civ. P. 8 to assert an affirmative defense based upon the arbitration clause. Doc. 21. However, as noted by the Sixth Circuit, "[r]egardless of whether a defendant is required to raise arbitration as a defense under Rule 8(c), a defendant's failure to raise arbitration as an affirmative defense shows his [or her] intent to litigate rather than arbitrate." *Johnson Assocs. Corp. v. HL Operating Corp.*, 680 F.3d 713, 718 (6th Cir. 2012). This is because "an enforceable contractual right to compel arbitration operates as a quasi-jurisdictional bar to a plaintiff's claims, providing grounds for dismissal of the suit" and, thus, "[i]t is therefore unsurprising that defendants routinely raise the right to arbitration in their answer, whether it is technically required by Rule 8 or not." *Id*. From the undersigned's perspective, Defendants' failure to raise arbitration as an affirmative defense is an action inconsistent with reliance on an arbitration provision.

With regard to Defendants' participation in this litigation, the Court notes that they filed an answer. Doc. 6. They also participated in a Rule 26(f) conference with Plaintiffs' counsel and agreed

4

to a litigation calendar whereby discovery would be completed by January 13, 2020 and dispositive motions could be filed by February 13, 2020. Doc. 7. In the Rule 26(f) report, Defendants, along with Plaintiffs, represented that they "anticipate[d] both written discovery and depositions related to all claims and defenses in this action" and there was nothing in the report mentioning the arbitration provisions between the parties. *Id*. After participating in the meet-and-confer and submitting the report required by Rule 26, Defendants, through their previously retained counsel, participated in a Rule 16 conference with the Court on May 29, 2019 (doc. 8), received initial disclosures from Plaintiffs, and served their initial disclosures on Plaintiffs' counsel. Doc. 20-1 at PageID 73. After receiving a settlement demand from Plaintiffs' counsel, Defendants, again through their previous attorney, requested and received from Plaintiffs a detailed breakdown of alleged damages. *Id*.

Subsequently, during a discovery status conference with the undersigned, Defendants' previous attorney expressed regret over delays in responding to discovery requests; specifically requested additional time to provide those discovery requests; and asked that the Court issue an Order requiring Defendants to respond to written discovery requests, provide deposition dates, and respond to Plaintiffs' settlement demand by August 20, 2019. *See* docs. 9, 10. At no time during that discovery status conference did previous counsel mention the arbitration provision in the parties' contract or mention an intent to seek or compel arbitration. In fact, previous counsel forthrightly expressed his regret in his inability to provide complete responses to Plaintiffs' discovery requests and represented his intent to fulfill Defendants' discovery obligations forthwith.[2] Defendants' previous counsel continued to express and represent the same during the telephone discovery conference on August 22, 2019 and, again, never mentioned arbitration during that conference. On August 26, 2019, having concluded that his relationship with Defendants had broken down, previous counsel moved to

---

[2] There is nothing before the Court to indicate that Defendants' failure to timely and/or completely respond to written discovery responses was, in any way, the result of previous counsel's neglect or lack of diligence. Instead, counsel, in moving to withdraw, indicated that his clients "failed to meet their obligations in connection with [his] representation of them in [this] [c]ase." Doc. 14-1 at PageID 37.

5

withdraw and communicated directly with Plaintiffs' counsel to request Plaintiffs' consent to stay discovery in this matter pending Defendants' retention of new counsel.[3] Doc. 15.

None of these aforementioned actions are consistent with reliance on a right to arbitration and, instead, evidence an intent to continue with litigation in this forum. Nevertheless, "[a]bsent a showing of prejudice to Plaintiffs, there can be no waiver by Defendants." *Aqualucid*, 721 F. App'x at 418. With regard to actual prejudice, Plaintiffs argue that, should the Court compel arbitration, their claims and potential damages -- including attorney's fees and costs -- may be limited and/or barred by application of the applicable statute of limitations. Doc. 20 at PageID 67. The Sixth Circuit has concluded that, "[t]here are many ways to establish prejudice, such as showing that a party waited until a statute of limitations expired to invoke arbitration." *Aqualucid*, 721 F. App'x at 418. Plaintiffs cite no authority to support their apparent contention that the filing of the complaint in this case fails to toll the statute of limitations for a compelled arbitration proceeding that would occur during a stay of this case for that purpose.

Plaintiffs also argue that they would be prejudiced because they have incurred over $20,000 in attorney's fees and costs in this federal litigation that would not be recoverable in an arbitration proceeding should they prevail. Doc. 20 at PageID 68. Again, Plaintiffs cite no authority to support their contention. *Id*. Further, the discovery exchanged to date should ultimately be useful to the parties in an arbitration proceeding, making the efforts undertaken to obtain such discovery in this case not wasted. The undersigned would further note that, if this case were to remain pending in this court, a

---

[3] At the time Defendants' previous counsel moved to withdraw, it would appear that Plaintiffs' counsel had exhausted all extrajudicial efforts to confer with Defendants in good faith to cure discovery deficiencies and, thus, Plaintiffs would have been well within their rights to file a motion to compel discovery under Fed. R. Civ. P 37. In fact, if Defendants did not fully comply with their discovery obligations by August 19, 2019 as they were required to do by Court Order issued on August 5, 2019 (doc. 10), sanctions under Fed. R. Civ. P. 37(b) may be appropriate. *See* Fed. R. Civ. P. 37(b)(2)(A) ("If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders"). Further, imposition of "reasonable expenses, including attorney's fees, caused by [Defendants'] failure" to respond to discovery may be required. *See* Fed. R. Civ. P. 37(b)(2)(B). Plaintiffs' counsel -- to his credit -- attempted to work with Defendants and their attorney through the discovery deficiencies and the retention of new counsel. Now, it appears Defendants may be seeking to avoid their discovery obligations in this Court (as ordered by the undersigned) by compelling arbitration.

new scheduling order would likely be required and, therefore, the parties will be no further along in the litigation process as the case will be in a new arbitration proceeding.

Finding no little or no prejudice to Plaintiffs, the undersigned thus **RECOMMENDS** that the Court **GRANT** Defendants' motion to compel arbitration and **STAY** these proceedings. Doc. 19.

### III.

Having so recommended, the undersigned is nevertheless compelled to note that, in acting inconsistent with any reliance on an arbitration agreement during the active pendency of this action, Plaintiffs contend that Defendants have failed to fully comply with their duties under the Federal Rules regarding discovery. Should Plaintiffs' contention in this regard have merit, Defendants would have not only violated the Federal Rules; they would have also failed to comply with an Order of the Court. *See* doc. 10.

Accordingly, the undersigned **ORDERS** Defendants to **SHOW CAUSE**, in writing and within seven (7) days from the entry of this Order, as to why they should not be held in contempt or otherwise sanction for their failure to comply with an Order of the Court.

Date:   December 13, 2019            s/ Michael J. Newman
                                     Michael J. Newman
                                     United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).