# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION (DAYTON)

| | |
|---|---|
| **MICHAEL BOWMAN**, *et al.*, : | |
| : | Case No.: 3:18-cv-332 |
| Plaintiffs, : | |
| : | |
| v. : | |
| : | **Judge Thomas M. Rose** |
| **PHOENIX TRINITY MANUFACTURING, INC.**, *et al.* : | |
| : | |
| Defendants. : | |
| : | |

## PLAINTIFFS' RULE 54(b) MOTION FOR FINAL JUDGMENT AGAINST DEFENDANT PHOENIX TRINITY MANUFACTURING, INC.

Plaintiffs Michael Bowman and James Adams (collectively, "Plaintiffs"), by and through their undersigned counsel of record, pursuant to Federal Rule of Civil Procedure 54(b), hereby move this Court to certify its Order of December 22, 2022 [ECF Doc. # 41] as a final judgment against Defendant Phoenix Trinity Manufacturing, Inc.  Plaintiffs support their Motion with an attached Memorandum of Support and a Proposed Entry.

Respectfully submitted,

s/ Bradley L. Gibson
Bradley L. Gibson (0085196)
**Gibson Law, LLC**
9200 Montgomery Road, Suite 11A
Cincinnati, OH 45242
[T]: 513-834-8254
[F]: (513) 834-8253
brad@gibsonemploymentlaw.com
*Attorney for Plaintiffs*

## MEMORANDUM IN SUPPORT

I. **PRELIMINARY STATEMENT**

On December 22, 2022, this Court entered an order granting Plaintiff Michael Bowman and James Adams' Motion to Confirm and Enforce Arbitration Award. (See ECF Doc. #41). The Plaintiffs filed the Motion to Confirm and Enforce Arbitration Award based on the arbitration award that was provided in their favor against Defendant Phoenix Trinity Manufacturing, Inc. ("Defendant PTM"). Plaintiffs succeeded at arbitration in pursuing their unpaid overtime claims against Defendant PTM under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and Ohio Minimum Fair Wage Standards Act, O.R.C. Chapter 4111 et seq. ("Chapter 4111"). Plaintiffs claimed that their Motion to Confirm and Enforce Arbitration Award should be granted because there were no set of facts justifying the arbitrator's award be vacated, such as the award being procured by fraud.

Plaintiffs' remaining unadjudicated claims in this matter are their unpaid overtime claims against Defendant Tiffany Williams, individually, under the FLSA and Chapter 4111. Plaintiffs assert that Defendant Williams is personally liable to them as she meets the definition of "employer" under the FLSA and Chapter 4111. Plaintiffs claim that by Defendant Williams being their "employer" under the FLSA and O.R.C. 4111, she is joint and severally liable to them for their claims of unpaid overtime.

The facts and law related to Plaintiffs' remaining unadjudicated claims against Defendant Williams are completely unrelated to the Court's decision to grant Plaintiffs' Motion to Confirm and Enforce Arbitration Award. Accordingly, Plaintiffs request that this Court certify its December 22, 2022, order [ECF Doc. # 41] granting Plaintiffs' Motion to Confirm and Enforce Arbitration Award as a final judgment against Defendant PTM.

II.     **PROCEDURAL AND FACTUAL BACKGROUND**

A. **Plaintiffs Assert Claims Against Defendant PTM and Defendant Williams.**

On October 3, 2018, Plaintiffs filed this action against Defendant PTM and Defendant Williams. (ECF Doc. #1). In their Complaint, Plaintiffs assert that Defendants violated their legal rights by failing to pay them the required overtime premium pay in violation of the FLSA and Chapter 4111. (Id. at ¶¶1, 26 - 33). Plaintiffs assert that Defendant PTM is liable to them for unpaid overtime as Defendant PTM was their "employer," as that term is defined under the FLSA and Chapter 4111. (Id. at ¶10). Plaintiffs assert that Defendant Williams is, likewise, liable to them under the FLSA and Chapter 4111 because she also meets the definition of "employer" under the FLSA and Chapter 4111. (Id. at ¶11).

Plaintiffs claim that Defendant PTM and Defendant Williams are joint and severally liable to them for their unpaid overtime since they both meet the definition of "employer" under the FLSA and Chapter 4111. "The FLSA contemplates there being several simultaneous employers who may be responsible for compliance with the FLSA." Acosta v. MICA Contr., 2021 U.S. Dist. LEXIS 205843, *39 (S.D. Ohio, Oct. 26, 2021) (internal citations omitted). Moreover, "[t]he overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." Id. (internal citations omitted).

B. **Plaintiffs Succeed at Arbitration Against Defendant PTM.**

On October 2, 2019, Defendant PTM filed a Motion to Stay the Federal Court Proceeding and Compel Arbitration. (ECF Doc. #19). This Court granted Defendant PTM's motion, thereby staying the federal court proceedings and compelling Plaintiffs to bring their respective claims against Defendant PTM in arbitration under the terms of the Plaintiffs' respective employment

agreements with Defendant PTM. (ECF Doc. #27). Plaintiffs' respective employment agreements have the same following provision regarding arbitration:

> **Settlement by Arbitration**. Any claim or controversy that arises out of or relates to this agreement, or the breach of it, shall be settled by arbitration in accordance with the rules of the American Arbitration Association. Judgment upon the award rendered may be entered in any court with jurisdiction.

(See ECF Doc. #38-1 & 38-2).

On or about July 15, 2020, Plaintiffs filed their respective Demands for Arbitration with the American Arbitration Association. Thereafter, Plaintiffs and Defendant PTM agreed upon Sarah Cole to serve as the arbitrator.

In approximately January 2022, the parties and Arbitrator Cole agreed to conduct an in-person arbitration in Dayton, Ohio, in April 2022. Several weeks prior to the arbitration, however, the parties and Arbitrator Cole agreed to conduct the arbitration remotely via Zoom due to COVID-19 and travel reasons.

On April 15, 19, 20, and 21, 2022, Arbitrator Cole held the arbitration hearing regarding Plaintiffs' claims. On or about July 5, 2022, the parties completed and submitted their post-arbitration briefings.

On July 15, 2022, Arbitrator Cole entered a Partial Final Award in favor of Plaintiffs, and on September 23, 2022, she rendered her Final Award. (See ECF Doc. #38-3). This final award granted the following damages:

- An amount of $17,831.24 in compensatory damages to Plaintiff Bowman;
- An amount of $17,831.24 in liquidated damages to Plaintiff Bowman;
- An amount of $11,124.00 in compensatory damages to Plaintiff Adams;
- An amount of $11,124.00 in liquidated damages to Plaintiff Adams;
- An amount of $5,589.05 in costs to Plaintiffs' counsel on behalf of Plaintiffs; and,

- An amount of $81,905.60 in attorney's fees to Plaintiffs' counsel on behalf of Plaintiffs.

(Id.).

### C. Court Enters Order Confirming and Enforcing Arbitration.

On October 4, 2022, Plaintiffs filed a Motion to Confirm and Enforce Arbitration Award pursuant to 9 U.S.C. § 9 of the Federal Arbitration Act ("FAA"). (See ECF Doc. #38). The Motion requested the Court to enter an Order confirming and enforcing Mediator Cole's Final Award. (Id.). Plaintiffs argued that the Final Award did not fall within the "very limited circumstances" that allow for arbitration award to be vacated. (Id. at p.5). Those circumstances include "(1) where the award was procured by fraud, (2) where the arbitrators were evidently partial or corrupt, (3) where the arbitrators misbehaved so that a party's rights were prejudiced, or (4) where the arbitrators exceeded their powers or executed them so that a final, definite award was not made." Dawahare v. Spencer, 210 F.3d 666, 669 (6th Cir. 2000) (citing 9 U.S.C. § 10(a)).

Plaintiffs requested that their Motion to Confirm and Enforce the Arbitration Award be granted because there were no facts demonstrating Arbitrator Cole's Final Award was procured by fraud, she was evidently partial or corrupt, she misbehaved so Defendant PTM's rights were prejudiced, or she manifestly disregarded the law. (ECF Doc. #38, p.5). Defendant PTM failed to respond to Plaintiffs' Motion to Confirm and Enforce Arbitration Award. On December 22, 2022, the Court entered an Order granting Plaintiffs' Motion to Confirm and Enforce Arbitration Award. (ECF Doc. #41).

### III. LAW AND ANALYSIS

#### A. Final Judgment Under Fed. R. Civ. P. 54(b)

Federal Rule of Civil Procedure 54(b) provides courts the discretion to enter a final judgment against one party even though there remains pending claims against another party in the action. Rule 54(b) provides courts that discretion so long as the court determines there is "no just reason for delay." Fed. R. Civ. P. 54(b).

The Sixth Circuit has indicated that the trial court will be provided substantial deference in providing a decision under Rule 54(b) as long as it articulates the reasons for its decision. Akers v. Alvey, 338 F.3d 491, 495 (6th Cir. 2003). The proper standard against which a district court's exercise of discretion in granting a Rule 54(b) certification is to be judged is the interest of sound judicial administration. Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 9 (U.S. 1980). The Sixth Circuit has delineated the following five factors as which the trial court should consider when deciding whether to certify a judgment as final:

(1) The relationship between the adjudicated and the unadjudicated claims;

(2) The possibility that the need for review might or might not be mooted by future developments in the district court;

(3) The presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; and,

(4) Miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

Akers, 338 F.3d at 495. The district court is free to weigh the factors unequally based on a case-by-case basis and need not to find that each factor favors certification in order to grant it. United States SEC v. Blackwell, 2007 U.S. Dist. LEXIS 28684, *6 (S.D. Ohio 2007).

**B. Entry of Final Judgment is Proper Against Defendant PTM.**

Entry of final judgment against Defendant PTM is proper based on the relevant factors and the circumstances of this case. Each of the four factors delineated by the Sixth Circuit supports an entry of final judgment.

First, there is almost no relationship between this Court's order granting the confirmation and enforcement of Arbitrator Cole's Final Award and Plaintiffs' pending unadjudicated claims against Defendant Williams. This Court granted Plaintiffs' Motion to Confirm and Enforce the Arbitration Award pursuant to 9 U.S.C. § 9 of FAA based on the limited review as to whether the facts supported vacating the arbitration award. This Court granted that motion presumably because there were no facts presented demonstrating the arbitration award was granted due to fraud, Arbitrator Cole acted evidentially partial or corrupt, she misbehaved, or she exceeded her authority. That analysis is significantly different than the facts and legal analysis regarding Plaintiffs' unadjudicated claims against Defendant Williams. Plaintiffs' unadjudicated claims against Defendant Williams will mainly be based on them demonstrating she is an "employer" as defined under the FLSA and Chapter 4111., they worked overtime hours in which they were not paid overtime premium pay, and their entitlement to liquidated damages.[1]  Given there is almost no relationship between Plaintiffs' adjudicated and non-adjudicated claims in this matter, this factor militates in favor of granting Plaintiffs' request for entry of final judgment against Defendant PTM.

---

[1] Plaintiffs may file a motion for summary judgment against Defendant Williams claiming that they are entitled to a judgment as matter of law under the FLSA and Chapter 4111 based on Arbitrator Cole's arbitration award pursuant to the legal doctrine of collateral estoppel. The factual assertions and legal arguments Plaintiffs would rely upon in support of their motion for summary judgment would have no relationship with Plaintiffs' Motion to Confirm and Enforce the Arbitration Award.

Second, nothing in the further proceedings involving Plaintiffs' claims against Defendant Williams will or will not moot any potential review of the Court's decision to grant Plaintiffs' Motion for the Confirmation and Enforcement of the Arbitration Award. Specifically, there are no potential factual or legal developments related to Plaintiffs' claims against Defendant Williams that will moot any potential review of the Court's decision to confirm and enforce Arbitrator Cole's final award. Consequently, this factor supports Plaintiffs' request for entry of final judgment against Defendant PTM.

Third, there is no presence or absence of a claim or counterclaim that could result in a set-off against the judgment Plaintiffs are trying to make final against Defendant PTM. Defendant PTM has not asserted any counterclaims against Plaintiffs in this case, nor will likely do so in the future given the parties are beyond the discovery deadline. Further, there are no claims in this matter that would off-set Plaintiffs' judgment against Defendant PTM. Accordingly, this factor weighs in favor of granting Plaintiffs' request for entry of final judgment against Defendant PTM.

Fourth and finally, the miscellaneous factors support granting Plaintiffs' request for an entry of final judgment against Defendant PTM. Plaintiffs have already been required to wait a significant period of time in receiving payment from Defendant PTM due to Defendant PTM's actions. For example, Defendant PTM waited almost a year after Plaintiffs filed their initial Complaint to file its motion to compel arbitration, Defendant PTM requested the arbitration hearing be postponed due to its failure to pay the arbitration fees, and Defendant PTM requested the arbitration hearing to be postponed again due to its counsel being unable to attend.

Additionally, granting Plaintiff' request for entry of final judgment against Defendant PTM could alleviate the need for a trial in this case because Plaintiffs' ability to enforce their judgment against Defendant PTM would mean they would not need to continue with their claims against

8

Defendant Williams. Given that Plaintiffs assert that Defendant PTM and Defendant Williams are joint and severally liable to them for their wage-and-hour claims, as discussed, Plaintiffs would not need to bring their claims at trial against Defendant Williams if they collected on their judgment against Defendant PTM.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court certify its Order of December 22, 2022 [ECF Doc. # 41] as a final judgment against Defendant Phoenix Trinity Manufacturing, Inc.

Respectfully submitted,

s/ Bradley L. Gibson
Bradley L. Gibson (0085196)
**Gibson Law, LLC**
9200 Montgomery Road, Suite 11A
Cincinnati, OH 45242
[T]: 513-834-8254
[F]: (513) 834-8253
brad@gibsonemploymentlaw.com

*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed with the Court's ECF filing system this 28th day of February, 2023. Notice of this filing will be sent by operation of the Court's electronic filing system to counsel of record for all parties as indicated on the electronic filing receipt. Parties and their counsel may access this filing through the Court's system.

/s/ Bradley L. Gibson
Bradley L. Gibson (0085196)